Clement, J. (concurring).
I agree with the majority's factual findings, conclusion of misconduct, and decision to remove respondent, Theresa M. Brennan, from office. I write separately to express my concerns regarding this Court's authority to also impose a conditional suspension upon respondent.
Under Const. 1963, art. 6, § 30 (2), this Court may "censure, suspend with or without salary, retire or remove a judge" for misconduct in office. These potential sanctions escalate in severity, leading to the *328 ultimate sanction wherein the respondent is completely divorced from judicial office: removal. Given the arrangement of § 30 (2) as an escalating list of sanction options, I question whether § 30 (2) was intended to grant this Court the power to impose both a removal and a conditional suspension upon a respondent. See In re McCree , 495 Mich. 51, 88-89, 845 N.W.2d 458 (2014) ( CAVANAGH , J., concurring in part and dissenting in part).[1]
That being said, I concede that this challenge appears to be foreclosed by this Court's decision in In re McCree . There, this Court removed the respondent from his then-current office and imposed a conditional suspension. Id. at 56, 845 N.W.2d 458 (opinion of the Court). It also expressly rejected the respondent's argument that this Court lacked the constitutional authority to impose such a sanction. Id. at 82-86, 845 N.W.2d 458. In reaching this conclusion, this Court relied on its earlier decision in In re Probert , 411 Mich. 210, 224, 308 N.W.2d 773 (1981), wherein this Court held that it was empowered to impose a conditional suspension upon a nonincumbent respondent because "it is immaterial to a [conditional] suspension ... whether or not the disciplined party holds judicial office when the suspension is imposed." In re Probert did not identify the source of its authority to impose a conditional suspension; it merely stated that "we have on at least three occasions issued conditional suspensions ...." Id. at 223-224, 308 N.W.2d 773. Those other occasions include In re Bennett , 403 Mich. 178, 200, 267 N.W.2d 914 (1978) ; In re Del Rio , 400 Mich. 665, 672, 256 N.W.2d 727 (1977) ; and In re Mikesell , 396 Mich. 517, 549, 243 N.W.2d 86 (1976), wherein this Court imposed suspensions on the respondent judges and indicated that the suspensions would apply regardless of the respondents' election or appointment to other judicial offices. In each of these cases, the suspensions occurred during the respondent's current term of office and precluded judicial service if the respondent obtained another judicial seat during the term of the suspension. As stated, although those cases all involved active judges, this Court found that the fact that the respondent in In re Probert had already left office was "immaterial" to its authority to impose a conditional suspension without further discussion of its constitutional authority to do so. In re Probert , 411 Mich. at 224, 308 N.W.2d 773. In In re McCree , 495 Mich. at 56, 845 N.W.2d 458, this Court again expanded its suspension power by applying it to an active judge (unlike in In re Probert ), whom the Court also removed (unlike in In re Bennett , In re Del Rio , In re Mikesell , and In re Probert ). While I concede that this Court is bound by In re McCree 's determination that this Court has the authority to impose both a removal and a conditional suspension on a respondent judge, I am troubled by the constitutional analysis applied in McCree and its reliance on distinguishable caselaw to arrive at that determination. Given that respondent does not seek to have McCree overruled or provide any basis to distinguish McCree , I concur in the result of the majority's decision.
Elizabeth T. Clement, Megan K. Cavanagh, JJ. concur.

To the extent that the additional imposition of suspension on a removed judge is designed to impose continuing consequences on that respondent, I submit that the Attorney Grievance Commission holds authority and discretion to impose such consequences by determining whether discipline such as the suspension or revocation of a respondent's law license is warranted.